THE STATE v. INDEPENDENT SCHOOL DISTRICT No. 6.

THE STATE v. INDEPENDENT SCHOOL DIST. OF SUNNYSIDE ET AL.

1. **School District:** LIMITS OF. The extension of the limits of a city or town does not have the effect to enlarge the school district existing in such city or town, previous to the extension of its limits.

*Appeal from Des Moines Circuit Court.*

THURSDAY, JULY 26.

THE defendants being duly formed previous to July 31st, 1876, their corporate powers on and previous to said period extended over territory lying wholly outside of the corporate limits of the city of Burlington. At the same time there ex-

isted the Independent School District of the city of Burlington, which was coextensive with the territorial limits of the city, as they existed previous to the day aforesaid. By virtue of certain proceedings before that time commenced, the territory within the limits of Independent District No. 6, on the 31st day of July, 1876, became a part of said city, and embraced within the corporate limits thereof, and so did a portion of the territory constituting the district of Sunnyside.

Whether the extension of the city limits destroyed wholly the corporate existence of one of the defendants, or deprived the other of jurisdiction over so much of the territory as is embraced within the corporate limits of the city, are questions to be determined on this appeal.

*Power & Antrobus*, for appellants.

*W. Scott Fegan*, for appellee.

SEEVERS, J.—Cities and school districts have, under the statutes of the State, a corporate existence, and as such are

1. SCHOOL district: limits of.

endowed with certain rights and charged with certain duties. The objects sought to be attained by the organization of each are essentially different. It is not possible, as at present constituted, to blend the two together so as to attain the objects sought in the organization of each.

The school system of the State is complete within itself, and so must it be said as to the laws and regulations governing incorporated cities and towns. Both, however, are creatures of the statute, by which their corporate existence may be ended or the rights and duties together with the territorial extent of both enlarged or restricted.

In providing for the extension or contraction of city limits, under the general law relating thereto, nothing whatever is said as to school districts or the effect of such extension or contraction in reference thereto.

In reference to schools it is provided that "any city or town, containing not less than three hundred inhabitants within its limits, may be constituted a separate school district; and territory contiguous to such city or town may be included with

it as a part of said separate district in the manner hereinafter provided." Code, Sec. 1800.

This section is permissive only, and not mandatory. The intention of the statute is to have school districts so formed as best to subserve the interests of the people resident therein, who usually fix and determine the boundaries of the several districts. The section above quoted declares that territory contiguous to a city may be included in a district which includes the city in the manner thereinafter provided. The extension of the city limits is not one of the modes provided. In the absence of any statute expressly providing that the extension of the limits of a city has the effect to bring under the control of a school district then existing within a city the territory so attached, it cannot be so held. It cannot be said to be done by operation of law when there is no such law. The necessity of the case does not require any such ruling, for, as has been said, these organizations exist independently of each other. If inconvenience, however, should result from this ruling, the General Assembly is the proper and only power that can remedy the evil, if any. The result is the judgment of the Circuit Court must be

AFFIRMED.